T.C. Summary Opinion 2009-95

UNITED STATES TAX COURT

SHELLI L. CALDWELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25614-07S.                Filed June 16, 2009.

Shelli L. Caldwell, pro se.

<u>Susan M. Fenner</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015(f) for 2003.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Texas.

Petitioner and Derek Caldwell (Mr. Caldwell) reported income tax due of $9,125 and submitted no payment with their late-filed 2003 Form 1040, U.S. Individual Income Tax Return. On February 26, 2005, respondent sent petitioner a final notice of intent to levy and notice of her right to a hearing (final notice) by certified mail. Petitioner received the final notice but did not request a hearing under section 6330. On May 24, 2007, petitioner filed a Form 8857, Request for Innocent Spouse Relief, with the Internal Revenue Service (IRS). She sought relief from joint and several liability pursuant to section 6015(f). Respondent denied petitioner's request for relief from joint and several liability because her Form 8857 was filed more than 2 years after the first collection action taken against her.

Therefore, respondent did not consider the substantive merits of petitioner's request for relief from joint and several liability.

## Discussion

Section 6013(d)(3) provides that if a joint return is filed, the tax is computed on the taxpayers' aggregate income, and liability for the resulting tax is joint and several. See also sec. 1.6013-4(b), Income Tax Regs. But the IRS may relieve a taxpayer from joint and several liability under section 6015(f) if, taking into account all the facts and circumstances, it is inequitable to hold the taxpayer liable for any unpaid tax or deficiency and the taxpayer does not qualify for relief under section 6015(b) or (c). Except as otherwise provided in section 6015, the taxpayer bears the burden of proof. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

The Commissioner has issued revenue procedures to guide IRS employees in determining whether a requesting spouse is entitled to relief from joint and several liability. Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying and superseding Rev. Proc. 2000-15, 2000-1 C.B. 447. Rev. Proc. 2003-61, supra, lists the factors that IRS employees should consider, and the Court also uses the factors when reviewing the Commissioner's denial of relief. See Washington v. Commissioner, 120 T.C. 137, 147-152 (2003).

Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297, lists seven threshold conditions that a taxpayer must satisfy in order to qualify for equitable relief.  Among other things, it requires a requesting spouse to request relief from joint and several liability no later than 2 years after the date of the Commissioner's first collection activity after July 22, 1998, against the requesting spouse.  Id.  Similarly, section 1.6015-5(b)(1), Income Tax Regs., provides that a requesting spouse must request relief from joint and several liability no later than 2 years from the date of the Commissioner's first collection activity after July 22, 1998, against the requesting spouse.  The term "collection activity" is defined to include a section 6330 notice, which is also defined as the notice the IRS sends to taxpayers informing them of the IRS's intent to levy and their right to request a hearing.  See sec. 1.6015-5(b)(2), Income Tax Regs.

The Court recently held that section 1.6015-5(b)(1), Income Tax Regs., is an invalid interpretation of section 6015(f). Mannella v. Commissioner, 132 T.C. __, __ (2009) (slip op. at 11-12) (applying Chevron deference in view of Court of Appeals for the Third Circuit precedent); Lantz v. Commissioner, 132 T.C. __, __, __ (2009) (slip op. at 11, 33) (applying Chevron[1] deference

_____

[1] Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).

in view of Court of Appeals for the Seventh Circuit precedent).
Under Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d
985 (10th Cir. 1971), the Court applies the law of the Court of
Appeals to which an appeal would ordinarily lie even in cases
subject to sec. 7463(b).

It is unclear which standard of deference the Court of
Appeals for the Fifth Circuit would apply to section
1.6015-5(b)(1), Income Tax Regs. Compare Dresser Indus., Inc. v.
Commissioner, 911 F.2d 1128, 1137 (5th Cir. 1990) (legislative
regulations[2] are entitled to Chevron deference and are given
controlling weight unless they are "arbitrary, capricious, or
manifestly contrary to the statute"), affg. in part and revg. in
part 92 T.C. 1276 (1989), with id. at 1138 (an interpretive
regulation is accorded less deference under National Muffler[3] but
is valid if the regulation is a reasonable interpretation and
harmonizes with the statute's plain language, its origin, and its
purpose), Pool Co. v. Cooper, 274 F.3d 173, 177 n.3 (5th Cir.
2001) ("Mead[4] clarified that * * * [Chevron deference applies to
an agency's interpretation only] when 'Congress delegated

---

[2]Sec. 1.6015-5, Income Tax Regs., was issued under both a
general grant of authority under sec. 7805 and a specific grant
of authority under sec. 6015(h). Lantz v. Commissioner, 132 T.C.
__, __ (2009) (slip op. at 11).

[3]Natl. Muffler Dealers Association, Inc. v. United States,
440 U.S. 472 (1979).

[4]United States v. Mead Corp., 533 U.S. 218 (2001).

authority to the agency generally to make rules carrying the force of law'" (quoting United States v. Mead Corp., 533 U.S. 218, 226-227 (2001))), and Kornman & Associates, Inc. v. United States, 527 F.3d 443, 455 n.10 (5th Cir. 2008) (the Court of Appeals for the Fifth Circuit did not address the level of deference applicable to certain IRS regulations post-Mead[5] because the regulations were not challenged by the parties).

But the Court need not decide whether the Court of Appeals for the Fifth Circuit would apply Chevron or some lesser standard of deference to section 1.6015-5(b)(1), Income Tax Regs., for the Commissioner's interpretation is neither a permissible construction nor a reasonable interpretation of section 6015(f). See Lantz v. Commissioner, supra at __ n.4 (slip op. at 12) (noting that the Court of Appeals for the Seventh Circuit applies a reasonableness standard for the second prong of the Chevron rather than permissible construction); see also Natl. Muffler Dealers Association, Inc. v. United States, 440 U.S. 472, 476-477 (1979) (IRS regulations must implement Congress's "'mandate in some reasonable manner'" (quoting United States v. Cartwright, 411 U.S. 546, 550 (1973))); Metro. Stevedore Co. v. Rambo, 521

---

[5]Pursuant to Mead (or Skidmore) "'The weight [accorded to an administrative] judgment * * * [depends on] the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" See United States v. Mead Corp., supra at 228 (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)).

U.S. 121, 136 (1997) (an agency's "reasonable interpretation
* * * brings at least some added persuasive force" (citing
Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944))).

At trial respondent conceded that if the 2-year period of
limitations did not apply, petitioner would be entitled to relief
from joint and several liability under section 6015(f).[6]  Upon
the basis of the foregoing, the Court holds that petitioner is
entitled to relief from joint and several liability under section
6015(f).

To reflect the foregoing,

Decision will be entered

for petitioner.

---

[6]In Lantz v. Commissioner, supra at __ n.3 (slip op. at 12),
the Court also declined to apply Skidmore or Mead deference to
Rev. Proc. 2000-15, 2000-1 C.B. 447, and Rev. Proc. 2003-61,
2003-2 C.B. 296, given the Court of Appeals for the Seventh
Circuit's precedent.  In Bankers Life & Cas. Co. v. United
States, 142 F.3d 973, 983 (7th Cir. 1998), cited in Lantz, the
Court of Appeals held that regulations issued under general or
specific authority of the IRS to promulgate necessary rules are
entitled to Chevron deference.
Even if the Court were to apply Skidmore or Mead deference
here, it would nevertheless hold that Rev. Proc. 2003-61, supra,
is also not a reasonable interpretation of sec. 6015(f) and is
therefore invalid.  See Metro. Stevedore Co. v. Rambo, 521 U.S.
121, 136 (1997); Kornman & Associates, Inc. v. United States, 527
F.3d 443, 455 (5th Cir. 2008) (reasonableness is a factor to
consider when applying Skidmore or Mead deference).